CASE NO. 16-35514
_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

CONSUMER CELLULAR, INC., AN OREGON CORPORATION,

Plaintiff-Appellee,

v.

CONSUMERAFFAIRS.COM, INC., A NEVADA CORPORATION; CONSUMERS UNIFIED, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND DAVID ZACHARY CARMAN,

Defendants-Appellants.
_____

On Appeal from the United States District Court
for the District of Oregon (Portland)
The Honorable Paul Papak
Case No. 3:15-cv-01908-PK
_____

## APPELLANTS' RESPONSE TO OSC RE: JURISDICTION
_____

KELLI L. SAGER (SBN 120162)
  kellisager@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Tel: 213-633-6800/Fax: 213-633-6899

CAMERON STRACHER
(NYB # 2171080)
cam@stracherlaw.com
4 New York Plaza, 2d Floor
New York, NY 10004
Telephone: 212-743-6513

DUANE A. BOSWORTH (OSB #825077)
  duanebosworth@dwt.com
DEREK D. GREEN (OSB #042960)
  derekgreen@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Tel: 503-241-2300/Fax: 503-778-5299

Attorneys for Defendants-Appellants ConsumerAffairs.com, Inc., Consumers Unified, LLC, and David Zachary Carman

i

# **CORPORATE DISCLOSURE STATEMENT**

Appellant ConsumerAffairs.com, Inc., a nongovernmental corporate party, states that it is wholly owned by ConsumerAffairs.com Holdings, LLC and no publicly held corporation owns 10% or more of ConsumerAffairs.com, Inc.'s stock.  Appellant Consumers Unified, LLC, a nongovernmental corporate party, states that it is wholly owned by ConsumerAffairs.com Holdings, LLC and no publicly held corporation owns 10% or more of Consumers Unified, LLC's stock.

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ........................................................................1

II. PROCEDURAL HISTORY .............................................................................2

III. THE DENIAL OF A SPECIAL MOTION TO STRIKE UNDER ORS 31.150 IS AN IMMEDIATELY APPEALABLE COLLATERAL ORDER. ....................................................................................................3

    A. The Collateral Order Doctrine Applies To Orders Denying A Defendant "Immunity From Suit" Under Applicable State Laws. .........................................................................................................4

    B. Oregon's Amended SLAPP Statute Is Immediately Appealable Under The Collateral Order Doctrine. .................................................7

IV. CONCLUSION ..............................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

Batzel v. Smith,
    333 F.3d 1018 (9th Cir. 2003) ........................................................3, 4, 5, 6, 7, 10

DC Comics v. Pacific Pictures Corp.,
    706 F.3d 1009 (9th Cir. 2013) ..................................................3, 4, 5, 6, 7, 10, 11

Doe v. Gangland Prods., Inc.,
    730 F.3d 946 (9th Cir. 2013) ...........................................................................5

Englert v. MacDonnell,
    51 F.2d 1099 (9th Cir. 2009) ....................................................7, 8, 9, 10, 11, 12

Hilton v. Hallmark Cards,
    599 F.3d 894 (9th Cir. 2010) ...........................................................................5

Manzari v. Associated Newspapers,
    __ F.3d __, No. 14-55329, 2016 WL 3974178 (July 25, 2016) ..........................5

Metabolic Research, Inc. v. Ferrell,
    668 F.3d 1100, withdrawn and revised, 693 F.3d 795 (9th Cir. 2012) ..............11

Schwern v. Plunkett,
    No. 14-35576 (9th Cir.) ..................................................................................12

**Federal Statutes**

28 U.S.C. § 1291 ...................................................................................................4

**State Statutes**

California Code of Civil Procedure § 425.16 ...............................................5, 9, 10

2009 Or Laws 449, § 3 (eff. Jan. 1, 2010) ............................................................8

Oregon Revised Statutes 19.205(1) ....................................................................11

Oregon Revised Statutes 31.150, et seq. ............................................1, 2, 3, 9, 10, 11

iv

**Rules**

Federal Rule of Evidence 201 .................................................................................8

I.  SUMMARY OF ARGUMENT

Defendants-Appellants ConsumerAffairs.com, Inc., Consumers Unified, LLC, and David Zachary Carman ("Appellants") respectfully submit this Memorandum in response to this Court's Order dated July 28, 2016, which questioned whether the Court has jurisdiction over an appeal from a district court's order denying a special motion to strike brought pursuant to Oregon's amended SLAPP statute, ORS 31.150 et seq.

As discussed in more detail below, Oregon's SLAPP statute was amended after the Ninth Circuit decision referenced in the OSC,[1] specifically to address the issue of appealability. As amended, the statute provides the moving party with an immunity from suit, and provides for the immediate appeal of an order denying a SLAPP motion.[2] Consequently, in accordance with Ninth Circuit authority, the District Court's order denying Appellants' SLAPP motion in this case is a collateral order that was subject to immediate appeal. Appellants respectfully request that this Court discharge the OSC, and permit the appeal to proceed.

---

[1] Dkt. 8, 7/28/16 Order (citing Englert v. MacDonnell, 51 F.2d 1099 (9th Cir. 2009)).

[2] See concurrently-filed Declaration of Derek D. Green with Exhibits 1-3.

1

## II. PROCEDURAL HISTORY

In the underlying lawsuit, Respondent Consumer Cellular, Inc. ("Respondent") has asserted state law claims for defamation, intentional interference with economic relations, and unfair trade practices, all of which arise from Appellants' exercise of free speech rights in connection with the website Consumeraffairs.com.[3] The website contains customer reviews and complaints about various businesses, including Respondent. Unhappy with the negative reviews it received, Respondent filed this lawsuit, asserting that Appellants "improperly manipulated the content and presentation of consumer reviews" on the website to benefit businesses that sign up for "preferential" treatment. D. Ct. Dkt. 32 at 2, 7.

On October 16, 2015, Appellants filed a Special Motion To Strike under Oregon's SLAPP statute, ORS 31.150 et seq. (as amended 2009). D. Ct. Dkt. 9. Although the Magistrate Judge concluded that the challenged conduct fell within the protection of the statute, he recommended denying the motion on the ground that Respondents had satisfied their burden of demonstrating a probability of

---

[3] Respondent also has alleged a claim for extortion and wire fraud under the federal Racketeer Influence and Corrupt Organizations (RICO) Act, based on the same conduct alleged in the state law claims. Because federal claims are not subject to the SLAPP statute, that claim is not at issue in this appeal.

2

success. D. Ct. Dkt. 32 at 18-25.[4] The District Court adopted the Findings and Recommendation in their entirety, without further discussion. D. Ct. Dkt. 41.

Appellants timely filed a notice of appeal from the District Court's Order denying the SLAPP motion. D. Ct. Dkt. 46. On July 28, 2016, this Court issued an Order requiring Appellants to show cause why it should not be dismissed for lack of jurisdiction, questioning whether the appeal was taken from a final or otherwise immediately appealable order. Dkt. 8.

### III.
### THE DENIAL OF A SPECIAL MOTION TO STRIKE UNDER ORS 31.150 IS AN IMMEDIATELY APPEALABLE COLLATERAL ORDER.

The collateral order doctrine recognizes that, in some circumstances, a trial court decision that does not terminate the underlying litigation nonetheless should be treated as "final" and subject to immediate appellate review. See, e.g., Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003). As refined by the United States Supreme Court, application of the doctrine includes a consideration of whether delaying appellate review "'would imperil a substantial public interest' or 'some particular value of a high order.'" DC Comics v. Pacific Pictures Corp., 706 F.3d

---

[4] Magistrate Judge Papak also recommended treating Appellants' motion directed to the federal RICO claim as a 12(b)(6) motion to dismiss, and recommended denying the motion. Id. at 36.

3

1009, 1013 (9th Cir. 2013) (quoting Mohawk Industries v. Carpenter, 558 U.S. 100 (2009)).

As this Court has recognized in interpreting California's SLAPP statute, the substantial interests in protecting the exercise of free expression "deserve particular solicitude within the framework of the collateral order doctrine." DC Comics, 706 F.3d at 1016. Because the Oregon Legislature has taken steps to make clear that Oregon's SLAPP statute – like California's – is intended to provide an immunity from suit, so that important rights of expression are protected, this Court should find that the denial of a special motion to strike under Oregon's current law is immediately appealable under the collateral order doctrine.

### A. The Collateral Order Doctrine Applies To Orders Denying A Defendant "Immunity From Suit" Under Applicable State Laws.

The collateral order doctrine holds that 28 U.S.C. § 1291 allows a litigant to appeal "from a 'narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." Batzel, 333 F.3d at 1024 (quoting Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994) (internal quotations and citations omitted)). As this Court has explained, public policy favors immediate appellate review of such decisions, where the trial court's determination is "'[(1)] conclusive, [(2)] … resolve[s] important questions separate from the merits, and [(3)] [is] effectively

4

unreviewable on appeal from the final judgment in the underlying action." DC Comics, 706 F.3d at 1013 (internal quotations and citations omitted).

Applying these factors, this Court consistently has found that the denial of a motion to strike under California's SLAPP statute, Cal. Code Civ. P. § 425.16 et seq., is a collateral order that is immediately appealable.  See, e.g., Batzel, 333 F.3d at 1024-25; DC Comics, 706 F.3d at 1016 (reaffirming applicability of collateral order doctrine to denial of SLAPP motion under California law); Doe v. Gangland Prods., Inc., 730 F.3d 946, 951 (9th Cir. 2013) ("[w]e have jurisdiction to review the denial of a motion to strike made pursuant to California's anti-SLAPP statute."); Hilton v. Hallmark Cards, 599 F.3d 894, 900 (9th Cir. 2010) ("we are satisfied that we have jurisdiction to review the denial of Hallmark's anti-SLAPP motion under the collateral order doctrine.") (footnote omitted); Manzari v. Associated Newspapers, __ F.3d __, No. 14-55329, 2016 WL 3974178, *3 (July 25, 2016) ("[d]enials of California anti-SLAPP motions are appealable orders because the statute operates as an immunity from suit, rather than as a defense");.

In reaching this conclusion, this Court found that the denial of a SLAPP motion is a "conclusive" determination, because it is a final decision on whether the SLAPP statute requires dismissal of the claims.  Batzel, 333 F.3d at 1025. Furthermore, such denials resolve an issue separate from the merits of the case, because the decision determines only whether the claim may have merit, and does

5

not constitute a determination on the merits in favor of the plaintiff. Id. ("[t]he purpose of an anti-SLAPP motion is to determine whether the defendant is being forced to defend against a meritless claim. The anti-SLAPP issue therefore exists separately from the merits of the defamation claim itself.").

Finally, this Court has found that the denial of a special motion to strike is "effectively unreviewable on appeal from a final judgment" because the purpose of the statute is to create an immunity from suit, not merely a defense against liability. Id. at 1025-26. As this Court noted, in enacting the SLAPP statute, "California lawmakers wanted to protect speakers from the trial itself rather than merely from liability." Thus, the benefits of the statute would be lost without an immediate appeal:

> If the defendant were required to wait until final judgment to appeal the denial of a meritorious anti-SLAPP motion, a decision by this court reversing the district court's denial of the motion would not remedy the fact that the defendant had been compelled to defend against a meritless claim brought to chill rights of free expression.

Id. at 1025.

Following an intervening United States Supreme Court decision on criteria for applying the collateral order doctrine, this Court revisited its analysis in Batzel, and reaffirmed its determination that denial of a SLAPP motion under California law satisfies the criteria for immediate review. DC Comics, 706 F.3d at 1015. This Court recognized the importance of the rights protected by SLAPP statutes,

6

noting that it "would be difficult to find a value of a 'high[er] order' than the constitutionally-protected rights to free speech and petition that are at the heart of California's anti-SLAPP statute." Id. The Court also emphasized the legislative history of California's anti-SLAPP statute, noting that "the California legislature's determination … that such constitutional rights would be imperiled absent a right of interlocutory appeal deserves respect." Id. at 1016. Consequently, this Court found that the California Legislature's intent to provide an "immunity from suit" satisfied the third criteria for application of the collateral order doctrine, because such "immunity" would be lost if a trial court's denial of a SLAPP motion could not be immediately reviewed. Id.

As discussed in the following sections, the same analysis – and same public policy rationale – applies to Oregon's current SLAPP statute.

### B. Oregon's Amended SLAPP Statute Is Immediately Appealable Under The Collateral Order Doctrine.

This Court's OSC references its decision in Englert v. MacDonnell, 551 F.3d 1099 (9th Cir. 2009), which held that the collateral order doctrine did not apply to decisions denying motions brought under an earlier version of Oregon's SLAPP law. Dkt 8, 7/28/16 Order. In reaching its decision, the Englert Court distinguished the Oregon statute from the California law at issue in Batzel, noting that "[t]he failure of the Oregon Legislature to provide for an appeal from the

7

denial of a special motion to strike provides compelling evidence that, unlike their California counterparts, Oregon lawmakers did not want 'to protect speakers from the trial itself.'" Englert, 551 F.3d at 1106.

Within months of the Englert opinion, the Oregon Legislature held hearings and enacted legislation to amend that state's law, to make clear that moving parties could seek immediate appellate review of adverse trial court rulings. See 2009 Or Laws 449, Sec. 3 (eff. Jan. 1, 2010); see also Green Decl. at 2; Exh. 1 (Enrolled SB 543 (2009)). Testimony presented to the state Legislature directly referenced the Englert decision, and expressed the need for legislative action to ensure that an order denying a SLAPP motion could be immediately appealed. See Green Decl. at 4; Exh. 3 at 1-2.[5] The House Judiciary Staff Summary of the legislation also clearly stated its purpose: "WHAT THE MEASURE DOES: Authorizes an immediate appeal of the denial of an anti-SLAPP (Strategic Lawsuit Against Public Participation) motion; provides that the law is to be liberally construed in

---

[5] Appellants request that this Court take judicial notice of this legislative history pursuant to Federal Rule of Evidence 201. As described in the Green declaration, the referenced legislative history consists of testimony and legislative staff reports prepared during consideration of the 2009 bill that amended Oregon's anti-SLAPP law, Oregon SB 543 (2009). Such legislative history, which is publicly available from state agencies as described in the declaration, satisfies the requirements for judicial notice because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

8

favor of defendants sued in a SLAPP suit." Green Decl. at 3; Exh. 2 at 1 (emphasis added); see also id. Exh. 2 at 2 (Senate Judiciary Staff Summary).

As amended, Oregon's SLAPP statute now expressly recognizes that it is intended to provide an immunity from suit, not simply a defense from possible liability. ORS 31.152(4) ("[t]he purpose of the procedure established by this section and ORS 31.150 and 31.155 is to provide a defendant with the right to not proceed to trial ….").

Moreover, the amendment directed that the denial of a SLAPP motion be treated as a limited judgment, thereby ensuring that denial of the motion would be immediately appealable. ORS 31.150(1); cf. Cal. Civ. P. Code § 425.16(i) (providing that denial of SLAPP motion is immediately appealable in California state courts).

This amendment eliminates the rationale underlying this Court's decision in Englert, which was "based on the failure of the Oregon anti-SLAPP statute to provide for an appeal from an order denying a special motion to strike." 551 F.3d at 1105. The Oregon Legislature took note of the deficiency, and took immediate action to rectify it. As this Court has noted in considering California's law, such

expressions of legislative intent should be respected. DC Comics, 706 F.3d at 1016.[6]

Applying this Court's analysis of the collateral order doctrine to Oregon's current SLAPP law leads to the same result as it has found with California's SLAPP statute: an order denying a SLAPP motion is immediately reviewable.

First, under both states' laws, a denial of a SLAPP motion is a conclusive decision, because it makes a final determination whether the SLAPP statute requires dismissal of the claims. See Batzel, 333 F.3d at 1025; ORS 31.150(1) (Oregon SLAPP statute requires dismissal of claim if motion is granted, or entry of a limited judgment as to that issue if motion is denied).

Second, both statutes provide that the denial of a SLAPP motion is not a determination on the merits; because it determines only that the plaintiff may ultimately succeed, an order denying the motion resolves an issue separate from the merits of the case. Batzel, 333 F.3d at 1025 (citing Cal. C.C.P. § 425.16(b)(3)); ORS 31.150(5) (providing, like Cal. C.C.P. § 425.16(b)(3), that the determination

---

[6] Indeed, this Court made clear in DC Comics that its earlier decision in Englert was based on an older version of the law, and it suggested in dicta that the decision had been "superseded" by the amendments to Oregon's law. 706 F.3d at 1016 n.8.

10

that a plaintiff has met its burden to defeat a SLAPP motion is not admissible in later proceedings).

Third, like California's SLAPP statute, Oregon's amended law is intended to provide an immunity from suit, and it allows an unsuccessful moving party to immediately appeal the denial of a SLAPP motion. See ORS 31.150(1) (requiring the entry of a limited judgment upon denial of an anti-SLAPP motion); ORS 19.205(1) (limited judgments are immediately appealable). Moreover, Oregon's amended law expressly states that its purpose "is to provide a defendant with the right to not proceed to trial in cases in which the plaintiff does not meet the burden specified in ORS 31.150 (3)." ORS 31.152(4) (emphasis added).

As this Court acknowledged in DC Comics, the amendments to Oregon's SLAPP statute "superseded" Englert by providing an immediate right to appeal; thus, the Court recognized in dicta that "the Oregon statute now likely affords immunity from suit, as California's does." 706 F.3d at 1016 n.8.

This Court should now find directly what it noted indirectly in DC Comics: under the revised Oregon SLAPP statute, a denial of a SLAPP motion is immediately appealable under the collateral order doctrine.[7]

---

[7] In Metabolic Research, Inc. v. Ferrell, 668 F.3d 1100, withdrawn and revised, 693 F.3d 795 (9th Cir. 2012), the Court's original opinion – which involved Nevada law – incorrectly assumed that Englert was decided under the current version of Oregon law. See 668 F.3d at 1107. After being notified of the

11

## IV. CONCLUSION

As this Court's decisions make clear, the collateral order doctrine should be applied to orders denying SLAPP motions under Oregon's current SLAPP statute, just as it applies to such orders under California law. Appellants respectfully request this Court to find that it has jurisdiction to hear the appeal from the District Court's decision denying Appellants' SLAPP motion, and vacate its order to show cause.

RESPECTFULLY SUBMITTED this 18th of August, 2016.

>DAVIS WRIGHT TREMAINE LLP
>KELLI L. SAGER
>DUANE A. BOSWORTH
>DEREK D. GREEN
>
>CAMERON STRACHER
>
>By  /s/ Kelli L. Sager
>　　KELLI L. SAGER
>
>Attorneys for Defendants-Appellants
>CONSUMERAFFAIRS.COM, INC.,
>CONSUMERS UNIFIED, LLC, and DAVID
>ZACHARY CARMAN

---

error mistake, the Court withdrew its opinion and issued a superseding opinion clarifying that the Englert decision was based on an earlier version of Oregon's SLAPP law. See 693 F.3d at 796-97; see also 693 F.3d at 799 n.5.

　　This Court also issued an Order to Show Cause in Schwern v. Plunkett, No. 14-35576, which addressed the appealability of an order denying an Oregon SLAPP motion. After the parties responded to the OSC, this Court vacated the order and directed the parties to address the issue in their merits briefing.

12

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I hereby further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED August 18, 2016.

                                                          */s/* Vicky Isensee