CASE NO. 16-35514

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONSUMER CELLULAR, INC., an Oregon Corporation,
Plaintiff-Appellee,

v.

CONSUMERAFFAIRS.COM, INC., a Nevada Corporation; CONSUMERS UNIFIED, LLC, a Nevada Limited Liability Company;
and David Zachary Carman,
Defendants-Appellants.

On Appeal from the United States District Court
for the District of Oregon (Portland)
The Honorable Anna J. Brown
Case No. 3:15-cv-01908-PK

APPELLEE'S REPLY TO APPELLANTS' RESPONSE
TO ORDER TO SHOW CAUSE RE: JURISDICTION

Thomas R. Rask, III, OSB No. 934031
trask@kelrun.com
Robert B. Lowry, OSB No. 852751
rlowry@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 SW Yamhill St., Suite 600
Portland, OR 97204-1329
Telephone: 503/222-3531
Fax: 503/227-2980

Attorneys for Plaintiff-Appellee Consumer Cellular, Inc.

## CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellee Consumer Cellular, Incorporated does not have a parent corporation and no publicly held corporation owns 10% or more of its stock.

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ................................................................................ 1

II. PROCEDURAL HISTORY .................................................................................. 2

III. THIS COURT LACKS JURISDICTION FOR AN INTERLOCUTORY APPEAL FROM THE DISTRICT COURT'S ORDER ..................................... 3

   A. Appellants Did Not Request Entry Of A Limited Judgment As Required By The Oregon Statute. .............................................................. 3

   B. The Collateral Order Doctrine Does Not Apply Because Of The Statutory Requirements Of A Limited Judgment And Analysis Of Substantial Evidence Of A Prima Facie Case That Is Not Completely Separate From The Merits. ................................ 4

   C. The Oregon Anti-Slapp Statute Should Not Be Applied In Federal Court. ..... 6

IV. CONCLUSION ................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Abbas v. Foreign Policy Group, LLC,*
   783 F.3d 1328 (D.C. Cir. 2015 (relying on *Shady Grove*)) .................................7

*Dig. Equip. Corp. v. Desktop Direct, Inc.*,
   511 U.S. 863, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994) ................................5, 6

*Hyan v. Hummer*,
   2016 U.S. App. LEXIS 14127 *6-7 (9th Cir. June 14, 2016) ...............................4

*Makaeff v. Trump Univ., LLC*,
   715 F.3d 254 (9th Cir. 2013) ................................................................................7

*Makaeff v. Trump Univ., LLC*,
   736 F.3d 1180 (9th Cir. 2013) ..............................................................................7

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   559 U.S. 393, 398 (2010) .....................................................................................7

*Travelers Cas. Ins. Co. of America v. Hirsh*,
   2016 U.S. App. LEXIS 14127 *7-17 (9th Cir. Aug. 3, 2016) ..............................7

*Will v. Hallock*,
   546 U.S. 345, 126 S. Ct. 952, 163, L. Ed. 2d 836 (2006) ....................................5

**Statutes**

Cal. Civ. Proc. Code § 425.16(b)(1) ..........................................................................5

ORS 18.052 .................................................................................................................3

ORS 19.205(1) ............................................................................................................3

ORS 31.150 ............................................................................................................3, 4

ORS 31.150(2) .......................................................................................................3, 4

ORS 31.150(3) ............................................................................................................5

ORS 31.150(4) ....................................................................................................5

ORS 31.155 .......................................................................................................3

**Rules**

Fed. R. Civ. P. 54(b) ......................................................................................3, 4

ORCP 67 B.........................................................................................................3

## I.  SUMMARY OF ARGUMENT

Plaintiff-Appellee Consumer Cellular, Inc. (Appellee) replies in opposition to Defendants-Appellants' response to the Court's July 28, 2016 Order to show cause why the appeal should not be dismissed for lack of jurisdiction.  Appellee submits that this Court does not have jurisdiction of Appellants' interlocutory appeal from the District Court's Order denying anti-SLAPP motions against Appellee's state law claims.  Unlike California's anti-SLAPP statute, the current version of Oregon's anti-SLAPP statute contains no express right to an immediate or interlocutory appeal after denial of an anti-SLAPP motion.  Instead, the Oregon statute specifies entry of a limited judgment after denial.  A limited judgment is appealable.  Appellants did not obtain certification from the District Court pursuant to Fed. R. Civ. P. 54(b) to make the Order denying the anti-SLAPP claims final and appealable.  Therefore, this Court lacks jurisdiction.

The collateral order doctrine does not apply to the District Court's Order denying the Oregon anti-SLAPP motions because (1) the Oregon statute requires entry of a limited judgment for a denial of Oregon anti-SLAPP motions to be appealable, and (2) the basis of the District Court's Order was not completely separate from the merits given the Oregon statute's specific requirement of a finding of substantial evidence of a prima facie case and the District Court's analysis of evidence submitted by Appellee.

1

Appellant also preserves for the record the arguments that the Oregon anti-SLAPP statute should not be applied in federal court because its procedures collide with the procedures in the Federal Rules of Civil Procedure.

## II. PROCEDURAL HISTORY

Appellants filed an interlocutory appeal based on the District Court's Order denying all of Appellants' Oregon anti-SLAPP motions against Appellants' state law claims for defamation, intentional interference with prospective economic relations, and violation of the Oregon Unlawful Trade Practices Act. The District Court denied those motions after evaluating substantial evidence submitted by Appellee in response to the motions.

Appellee's claims are not based on being "unhappy with the negative reviews" submitted by third parties on Appellants' website. Appellee's claim in more than $5 million of increasing damages based on Appellants' strategic, deliberate screening and removal of positive reviews of Appellee, a number of types of web content and omissions for which Appellants are responsible that deceive consumers checking reviews on the website, deceitful manipulation intended to drive business away from "brands" which have not signed up for costly membership with Appellants and to steer business to their paying members, and on attempted extortion of Appellee to become one of those paying members. In addition to denying the Oregon anti-SLAPP motions on the state law claims, the

2

District Court also denied Appellants' motion to dismiss a federal RICO claim, a claim based on multiple predicate acts of federal wire fraud and Oregon extortion. Appellants conceded that the federal RICO claim is not subject to the anti-SLAPP statute and did not attempt to include the denial of their motion to dismiss the RICO claim in their appeal.

### III. THIS COURT LACKS JURISDICTION FOR AN INTERLOCUTORY APPEAL FROM THE DISTRICT COURT'S ORDER.

#### A. Appellants Did Not Request Entry Of A Limited Judgment As Required By The Oregon Statute.

The Oregon anti-SLAPP statutes (as amended) are contained in ORS 31.150 to ORS 31.155. None of the statutory provisions make any reference to appeal of a denial of an anti-SLAPP special motion to strike – immediate or otherwise. Nothing in the Oregon anti-SLAPP statutes say that denial of an anti-SLAPP motion should be "treated as" a limited judgment. Rather, ORS 31.150(2) specifies: "If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion." ORS 19.205(1) provides for appeal from a limited judgment. ORS 18.052 provides for entry under ORCP 67 B where the limited judgment does not encompass all claims or parties. ORCP 67 B is the procedural counterpart of Fed. R. Civ. P. 54(b). Appellants did not obtain certification from the District Court pursuant to Rule 54(b) to make the Order denying the anti-SLAPP claims final and appealable.

3

In *Hyan v. Hummer*, 2016 U.S. App. LEXIS 14127 *6-7 (9th Cir. June 14, 2016), the Ninth Circuit held that, absent applicability of the collateral order doctrine, a disposition of an anti-SLAPP motion (the grant of an anti-SLAPP motion in that case) that does not encompass all claims requires entry of Rule 54(b) judgment to be appealable. In the present case, the Oregon statute by its express provisions requires entry of a limited judgment to be appealable. Because Appellants did not obtain a Rule 54(b) judgment on the Order denying the Oregon anti-SLAPP motions, the requirements of ORS 31.150(2) and corresponding federal law are not met for this Court to have jurisdiction of the appeal.[1]

### B. The Collateral Order Doctrine Does Not Apply Because Of The Statutory Requirements Of A Limited Judgment And Analysis Of Substantial Evidence Of A Prima Facie Case That Is Not Completely Separate From The Merits.

Among other things, the collateral order doctrine requires that the District Court's denial must "resolve important questions completely separate from the merits." *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994). As with other requirements under the collateral order doctrine, this requirement is to be strictly applied. *Will v. Hallock*, 546 U.S. 345, 349, 126 S. Ct. 952, 163, L. Ed. 2d 836 (2006). In deciding the anti-SLAPP

---

[1] And the collateral order doctrine is inapplicable for the same reason as well as the other reasons addressed in Section III B of this brief.

motions in this case, the District Court correctly followed ORS 31.150, which expressly requires the court to "consider…supporting and opposing affidavits stating the facts upon which the liability or defense is based." ORS 31.150(3). The District Court necessarily decided that "the plaintiff will prevail on the claim[s] by presenting substantial evidence to support a prima facie case." ORS 31.150(4). That standard plainly involves substantial consideration of the merits of the claimant's evidence and the Findings and Recommendation of Magistrate Judge Papak approved by District Judge Brown involved a lengthy discussion of the facts supported by evidence. Therefore, the denial of the Oregon anti-SLAPP motions was not "completely separate from the merits." *Dig. Equip. Corp.*, 511 U.S. at 867.[2]

---

[2] The Ninth Circuit precedents cited by Appellants in support of their argument on application of the collateral order doctrine on this point dealt with the California anti-SLAPP statute. The provisions of that state's code do not state the necessity of a determination of presentation of substantial evidence to support a prima facie case. They specify a determination that "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). The Ninth Circuit citations provided in Section III C of this Reply brief also explain why the determination required by the California law does not meet the Supreme Court's collateral order doctrine strict application requirement regarding complete separation from the merits, albeit not in sync with current precedential Ninth Circuit holdings.

### C. The Oregon Anti-Slapp Statute Should Not Be Applied In Federal Court.

Appellee acknowledges that current Ninth Circuit precedent allows for application of some parts of state anti-SLAPP laws to state law claims in federal court under cases cited by Appellants. To preserve the argument for the record, Appellee submits that this Court should review and overturn those precedents and find that this Court lacks jurisdiction because application of Oregon's anti-SLAPP procedure conflicts with federal procedural rules for the reasons addressed in: (1) *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); (2) *Abbas v. Foreign Policy Group, LLC,* 783 F.3d 1328, 1337 (D.C. Cir. 2015 (relying on *Shady Grove*); (3) Chief Judge Kozinski in *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 273 (9th Cir. 2013) (Kozinski, C.J., concurring) where he said the matter should be reviewed and negated en banc; (4) Judge Watford in *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1189-90 (9th Cir. 2013) (Watford, J., dissenting from denial of rehearing en banc); and (5) Judges Kozinski and Gould in *Travelers Cas. Ins. Co. of America v. Hirsh*, 2016 U.S. App. LEXIS 14127 *7-17 (9th Cir. Aug. 3, 2016) (Kozinski, J., and Gould, J., concurring).

## IV. CONCLUSION

For the above reasons, Appellee respectfully submits that the Court should dismiss the appeal because the Appellants have not shown good cause as to why the appeal should not be dismissed.

DATED this 31st day of August, 2016.

        *s/Robert B. Lowry*
        **THOMAS R. RASK, III**
        OSB No. 934031
        **ROBERT B. LOWRY**
        OSB No. 852751
        503/222-3531
        **Attorneys for Plaintiff-Appellee**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 31, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 31st day of August, 2016.

    *s/Robert B. Lowry*
    **THOMAS R. RASK, III**
    OSB No. 934031
    **ROBERT B. LOWRY**
    OSB No. 852751
    503/222-3531
    **Attorneys for Plaintiff-Appellee**